**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CYNTHIA E. ALEMANY,**

      Plaintiff,

vs.                                                      Civ. No. 03-408 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision filed September 4, 2003. Docket No. 7. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken and will be granted.

**I.  PROCEDURAL RECORD**

      Plaintiff, Cynthia E. Alemany, applied for disability benefits on October 31, 1994. Her claim was denied initially on January 12, 1995. Plaintiff did not seek further review. Tr. 18. Plaintiff again filed an application for Social Security disability insurance benefits and Supplemental Security Income (SSI) on October 29, 1999 alleging a disability since October 27, 1993, due to a right knee injury, hepatitis C, arthritis, right arm and shoulder problems, and alcoholism. Tr. 70, 77 and 274.  This application was denied at the initial and reconsideration level.

      The ALJ conducted a hearing on June 6, 2002.  At the hearing, the Plaintiff was represented

1

by a non- attorney representative.  On June 26, 2002, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R.§ 404.1520(a)-(f) and <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1487 (10th Cir. 1993):  the claimant has not engaged in post-onset substantial gainful activity; the claimant's Hepatitis C, shoulder and arm pain, status post fusion of the right knee, depression and substance addiction disorder impairments are considered "severe;" the claimant's impairments do not meet or equal a listed impairment; the claimant's allegations regarding her limitations are not totally credible; alcohol and drug abuse are contributing factors material to the disability determination as defined by the Act; without consideration of the effects of her alcoholism and drug abuse, the claimant has a residual functional capacity for a full range of sedentary work; the claimant is able to perform her past relevant work; and plaintiff is not disabled as defined in the Social Security Act at any time through the date of this decision.  Tr. 18-23.

 The ALJ entered his decision on June 26, 2002.  Thereafter, the Plaintiff filed a request for review.  On September 19, 2002, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ.  Tr. 11.  The Plaintiff subsequently filed her Complaint for court review of the ALJ's decision on April 2, 2003.

Plaintiff was born on February 7, 1968.  She has a eighth grade education and past work experience as a telemarketer, fast food server, waitress and shutter maker.  Tr. 19.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  <u>See</u> <u>Hamilton v. Secretary of Health and Human Services</u>, 961 F.2d 1495, 1497-98 (10th Cir. 1992); <u>Glenn v. Shalala</u>, 21 F.3d 983 (10th Cir. 1994).  To be substantial, evidence must be relevant and

sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance.  Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Sisco v. United States Dep't. of Health & Human Servs., 10 F.3d 739, 741 (1993).  A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience.  Id.

### III.  MEDICAL HISTORY

Plaintiff was in a motor vehicle accident in 1993. X-rays showed she fractured her right distal femur. Plaintiff also says that she sustained several fractures in her shoulder. Tr. 260. The fracture of the femur was treated by inserting a large plate with multiple screws on the distal femur. In 1999, x-rays showed anterior tilt in the distal femur, hypotrophic lateral femoral condyle and some arthritic signs at the lateral joint line. In June of 1999, Plaintiff had surgery to remove the hardware. Plaintiff continued to have pain in her right knee and right shoulder. Tr. 260. On physical examination in February 19, 2002, her treating physician, Dr. Dana Verch, found that she only had a total arc of about 45-50 degrees, had medial and lateral joint line tenderness, and a lot of crepitus. Id. She further found that Plaintiff did not have "much motion" in her right shoulder. Id. She could only flex about 90 degrees and there was a lot of crepitus on rotation. Id. Dr. Verch injected Plaintiff's right knee and right shoulder with Dexamethosone and Lidocaine. Tr. 261.

Plaintiff was referred to the Lea County Guidance Center by a nurse who treated her at Hobbs OB/GYN Associates. On intake on October 26, 1999, Plaintiff was diagnosed with polysubstance dependence and a depressive disorder. At Axis V, she was assessed at 45 for her Global Assessment of Functioning ("GAF").[1] Tr. 234.

On July 26, 2000, Plaintiff was given a psychiatric evaluation by Dr. Ronald Monteverde, a psychiatrist. At Axis I, Dr. Monteverde found "[a]lcohol abuse, episodic, abstinence is the goal." Tr. 238. He further found a "[h]istory of post-traumatic stress disorder none is criteria associated

---

[1] The GAF is a scale used for reporting the clinician's judgment of the individual's overall level of functioning. Diagnostic and Statistical Manual of Mental Disorders (4th Ed. 1994). A GAF of 45 indicates "[s]erious symptoms (e.g. suicidal ideation, severe obsessive rituals, frequent shoplifting) OR any serious impairment in social, occupational or school function (e.g. no friends, unable to keep a job)." Id. at 32.

currently." Id.  He found that Plaintiff had a "[d]epressive disorder not otherwise stated and seems to be helped by the effexor at least partially 75 mg. a day." Id.  Finally, he found that Plaintiff had an "[a]nxiety disorder not otherwise stated." Tr. 239.   He diagnosed Plaintiff's GAF at 35.[2] Id.

On September 22, 1999, Plaintiff was referred to Dr. Rao Vemula, a gastroenterologist and internal medicine physician.  At that time she stated that she last took drugs six months ago and the last time she drank alcohol was about 4 ½ months ago.  She was diagnosed with Hepatitis-C.  Her symptoms were extreme tiredness and fatigue.  Tr. 155.  He did not treat Plaintiff because "the current treatment can worsen the condition."  Tr. 155.  By April of 2000, Plaintiff had a relapse of drinking and reported to the Guidance Center of Lea County.  Tr. 218.

In May of 2002, Plaintiff saw Dr. Patricia Verch.  Dr. Verch diagnosed Plaintiff with abdominal pain, Hepatitis B and C, hematuria with laboratory urinalyses showing trace blood and an abdomen slightly distended but soft.  Tr. 22.

## IV. DISCUSSION

The Plaintiff asserts that a remand is necessary due to the extensive inaudible portions of Plaintiff's testimony at the administrative hearing.  Plaintiff also asserts that the ALJ erred in 1) omitting from his analysis Plaintiff's GAF of 35; 2) finding that the Plaintiff lacked credibility as to

---

[2]A GAF of 35 indicates "[s]ome impairment in reality testing or communication (e.g. speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas such as work or school, family relations, judgment, thinking, or mood (e.g. depressed man avoids friends, neglects family and is unable to work...)" Diagnostic and Statistical Manual of Mental Disorders, at 32.

her complaints of pain; 3) his credibility analysis with regard to Plaintiff's use of alcohol; and 4) in trivializing Plaintiff's chronic pain from her musculoskeletal impairments and Hepatitis B and C.

<u>Inaudible transcript.</u>

Plaintiff asserts that the record is defective due to the inaudible portions of Plaintiff's administrative hearing. The Court agrees. The Secretary has the burden of compiling and filing a transcript of the record "including the evidence upon which the findings and decision complained of are based." 42 U.S.C. §405(g). A remand is required when there is the existence of either prejudice to the claimant or impediment to judicial review. <u>Barnes v. Barnhart</u>, 251 F. Supp. 2d 973, 974 (D. Me. 2003). The record in this matter shows both prejudice and an impediment to judicial review. For example at one point the ALJ was asking the Plaintiff about her limitations and the transcript reads as follows:

```
Q     And where do you have these symptoms?
A     [INAUDIBLE].
Q     And is there any problems standing?
A     I just [INAUDIBLE].
Q     What happens to them?
A     [INAUDIBLE]
Q     And what about – did you [INAUDIBLE]?
A     [INAUDIBLE] I started [INAUDIBLE].
Q     [INAUDIBLE] and walk around?
 A    um-hum.
Q     Okay, and [INAUDIBLE].
A     [INAUDIBLE].
Q     All right,. Now you had [INAUDIBLE]?
A     [INAUDIBLE].
Q     Okay, and do you have any problems that you frequently [INAUDIBLE]?
A     Yes.
Q     [INAUDIBLE]?
A     When driving [INAUDIBLE], you now, [INAUDIBLE]?
Q     Okay I notice on the report that you also had [INAUDIBLE]?
A     [INAUDIBLE].
Q     [INAUDIBLE] you, [INAUDIBLE]?
A     [INAUDIBLE].
```

Tr. 41-42.

The ALJ found that Plaintiff's complaints were not totally credible and that her limitations imposed by depression and right knee fusion did not significantly diminish her residual functional capacity. Plaintiff asserts that these findings were in error. The poor quality of this transcript impedes judicial review of Plaintiff's claims.

<u>Materiality of drug abuse and alcoholism</u>.

The ALJ found that Plaintiff's alcohol use was a contributing factor material to a disability determination. However, he also found that without consideration of the effects of her alcoholism, Plaintiff retained the residual functional capacity to perform a full range of sedentary work. Tr. 22. Pursuant to the Contract with America Advancement Act of 1996, Pub. L. 104-121, 110 Stat. 847, payment of disability benefits is foreclosed "if alcoholism or drug addiction would...be a contributing factor material to the Commissioners determination that the individual is disabled." 42 U.S.C. §423(d)(2)(C). Under the regulations, the key factor the Commissioner must examine in determining whether drugs or alcohol are a contributing factor to the claim is whether the Commissioner would still find the claimant disabled if he or she stopped using drugs or alcohol. 20 C.F.R. §416.935(b)(1). The implementing regulations make it clear that a finding of disability is a "condition precedent" to the application of §423(d)(2)(C). <u>Drapeau v. Massanari</u>, 255 F.3d 1211 (10th Cir. 2001)("The ALJ cannot begin to apply 423(d)(2)(C) properly when, as here he has not yet made a finding of disability."). In this case, the ALJ found that the Plaintiff was not disabled. Thus, in applying the statute, he failed to follow the applicable legal standard. Although this appears to be harmless error, the Court would request that the Commissioner correct this error on remand. In addition the Court advises the Secretary that on remand, she should consider Plaintiff's GAF's and consider Plaintiff's

limitations and complaints of pain.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is GRANTED for proceedings consistent with this memorandum opinion and order.

*/s/ Alan C. Torgerson*
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**